UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UFCW LOCAL 152 HEALTH & WELFARE FUND, et al., | : : : : | CIVIL ACTION NO. 08-3883 (MLC) |
| Plaintiffs, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| TERRY POLICHETTI, et al., | : : | |
| Defendants. | : : | |

**THE CLERK OF THE COURT** having entered default against the defendants — Terry Polichetti and Anthony Algozzini — pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) on October 22, 2008 (dkt. entry no. 3 & unnumbered dkt. entry thereafter); and the Court, by order dated December 5, 2008 ("December 2008 Order"), advising the plaintiffs that the Complaint would be dismissed for lack of prosecution on February 19, 2009, without further notice to the plaintiffs, unless before that date the plaintiffs moved for entry of judgment by default against the defendants under Rule 55(b) (dkt. entry no. 4, 12-5-08 Order), see L.Civ.R. 41.1(a); see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and

**THE PLAINTIFFS** properly moving on February 12, 2009, for entry of judgment by default against Polichetti only ("Motion") (dkt. entry no. 6, Notice of Mot. for Default J.); and the plaintiffs moving for entry of judgment for the full amount owed that is at issue — and thus seeking complete relief — against Polichetti (id., Caccese Decl. at 2); and the plaintiffs having

taken no further steps to prosecute the claims asserted against Algozzini; and it appearing that the plaintiffs, in view of the December 2008 Order and the contents of the Motion papers, have abandoned the claims asserted against Algozzini; and thus the Court intending to dismiss the Complaint insofar as it is asserted against Algozzini without prejudice;[1] and

**THE COURT** reviewing the papers submitted by the plaintiffs in support of the Motion; and the plaintiffs seeking $62,305.35 with interest; and the plaintiffs supporting the request for that amount (<u>see</u> Caccese Decl., Exs. A-E);[2] and Polichetti not submitting any opposition to the Motion; and the Court deciding the Motion without oral argument, <u>see</u> Fed.R.Civ.P. 78(b); and the Court intending to grant the Motion; and for good cause appearing, the Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  March 16, 2009

_____

[1]  The Court is not balancing the <u>Poulis</u> factors here, as the Complaint insofar as it is asserted against Algozzini is being dismissed without prejudice.  <u>See</u> <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

[2]  The Court arrived at the amount of $62,305.35 by adding up the individual figures provided by the plaintiffs on a "printout". (Caccese Decl. at 2; <u>id.</u>, Ex. E, Printout.)  The figures thereon add up to $62,305.35, not (1) $62,305.48, as suggested on the Caccese Declaration (<u>see</u> Caccese Decl. at 2), or (2) $62,305.38, as suggested on the Printout itself and the proposed judgment.  (<u>See</u> Printout; dkt. entry no. 6, Proposed J.)